UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAITLIN WILLIAMS, et al, | Case No.: 07 CIV 06778 (NRB) |
| | Related to Case No.: 04 CIV 07703 (NRB) |
| Plaintiff, | |
| - against - | **JUDGE:  HON. NAOMI REICE** |
| | **BUCHWALD** |
| L.A. MODELS, INC., NYC | |
| MANAGEMENT GROUP, INC., d/b/a | |
| NEW YORK MODEL MANAGEMENT, | |
| Defendants. | |

Memorandum of Points and Authorities of Defendants L.A. Models, Inc., And NYC Model Management Group, Inc. In Support Of Their Motion, Pursuant To Fed. R. Civ. P. 12(b)(6), To Dismiss Plaintiff's Complaint for Failure To State A Claim Upon Which Relief May Be Granted.

RC1/5040314.1/KTK

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................... 1

II.    PROCEDURAL HISTORY ............................................................................... 2

       A.    The Related Case of Bezuszka v. L.A. Models, et al. ......................... 2

             1.    Background ................................................................................. 2

             2.    The Court's Prior Rulings .......................................................... 2

III.   STATEMENT OF FACTS ................................................................................ 3

       A.    The Parties .......................................................................................... 3

             1.    Defendants L.A. Models, Inc. and NYC Model Management
                   Group, Inc .................................................................................. 3

             2.    Plaintiff Caitlin Williams ........................................................... 3

       B.    Plaintiff's Allegations ........................................................................ 3

             1.    The Governing Contract ............................................................. 3

             2.    The Complaint ............................................................................ 4

IV.    STANDARD OF REVIEW ............................................................................... 6

       A.    California Law Governs This Action ................................................... 6

       B.    Standard on Motion to Dismiss ........................................................... 6

V.     ARGUMENT ..................................................................................................... 7

       A.    The Entirety Of The Instant Action Is Barred By The Statute Of
             Limitations .......................................................................................... 7

             1.    Plaintiff's Breach of Contest Contract Claim is Barred by the
                   Statute of Limitations ................................................................. 7

             2.    Plaintiff's Breach of Contract As "Mother Agency" is Barred by
                   the Statute of Limitations ........................................................... 8

             3.    Plaintiff's Quantum Meruit Claim is Barred by the Statute of
                   Limitations .................................................................................. 9

             4.    Plaintiff's Fraud/Intentional Misrepresentation Claim is Barred by
                   the Statute of Limitations ........................................................... 9

VI.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR EACH OF HER
       CLAIMS ........................................................................................................... 11

       A.    Plaintiff's Claim for Breach of Contest Contract Fails to State a Cause of
             Action ................................................................................................. 11

       B.    Plaintiff's Claim for Breach of Contract As "Mother Agent" Fails to State
             Cause of Action .................................................................................. 13

**TABLE OF CONTENTS**
(continued)

**Page**

C.     Plaintiff's Claim for Quantum Meruit Fails to State a Cause of Action ............ 13

D.     Plaintiff's Claim for Fraud/Intentional Misrepresentation Fails to State a Cause of Action.................................................................................................. 14

E.     Plaintiff's Claim for Constructive Trust Fails to State a Cause of Action ........ 18

VII.    PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES ARE IMPROPER ................. 19

A.     Punitive Damages Are Not Permissible Under Any Theory In This Matter....................................................................................................................... 19

VIII.   CONCLUSION.............................................................................................................. 19

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Automated Salvage Transport Inc. v. Wheelabrator Enytl. System, Inc.*, 155 F.3d 59 (2d Cir. 1998) ......................................................................................................................6

*Bangue Arabe et Internationale D'Investissement v. Maryland National Bank*, 57 F.3d 146 (2d Cir. 1995).............................................................................................................16

*Bridgestone/Firestone, Inc. v. Recovery Credit System, Inc.*, 98 F.3d 13 (2d Cir. 1996).............16

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (1991) ....................................................3

*Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085 (2d Cir. 1995) .....................................................6

*I. Meyer Pincus and Associate v. Oppenheimer & Co., Inc.*, 936 F.2d 759 (2d Cir. 1991) ...........................................................................................................................................3

*Jenkins v. S & A Chaissan & Sons, Inc.*, 449 F. Supp. 216 (S.D.N.Y. 1978)................................6

*Luce v. Edelstein*, 802 F.2d 49 (2d Cir. 1986) ..............................................................................17

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993)..................................................15, 17

*Natowitz v. Mehlan*, 542 F. Supp. 674 (S.D.N.Y. 1982) ..............................................................17

*Papa's-June Music, Inc. v. McLean*, 921 F. Supp. 1154 (S.D.N.Y. 1996) ...................................16

*Ross v. A.H. Robins Co.*, 607 F.2d 545 (2d Cir. 1979), cert. denied, 446 U.S. 946 (1980)...........17

*Simmons v. Abruzzo*, 49 F.3d 83 (2d Cir. 1995) .............................................................................6

*Simon v. Castello*, 172 F.R.D. 103 (S.D.N.Y. 1997) ....................................................................17

*Sullivan v. Mass. Mutual Life Insurance Co.*, 611 F.2d 261 (9th Cir. 1979)) (additional citations omitted............................................................................................................................16

## STATE CASES

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454 (Cal. 1994) ........................19

*California Medical Association v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151 (Ct. App. 2001) ...........................................................................................................14

## TABLE OF AUTHORITIES
### (continued)

Page

*Church v. Jamison*, 143 Cal. App. 4th 1568 (2006) ...................................................7

*Embarcadero Municipal Improvement District v. County of Santa Barbara*, 88 Cal. App. 4th 781, 107 Cal. Rptr. 2d 6 (Cal. Ct. App. 2001) ...................................18

*Gulf Coast Dev. Group v. Lebor*, 02 Civ. 6959  2003 WL 22871914 (S.D.N.Y. Dec. 3, 2003) ...............................................................................16

*Harris v. Atlantic Richfield Co.*, 14 Cal. App. 4th 70, 17 Cal. Rptr. 2d 649 (Cal. Ct. App. 1993) ...............................................................................16

*Hays v. Temple*, 73 P.2d 1248 (Cal. Ct. App. 1937)...............................................18

*New York University v. Continental Insurance Co.*, 87 N.Y.2d 308, 662 N.E.2d 763 (1995) ...............................................................................19

*Orloff v. Metropolitan Trust Co.*, 110 P.2d 396 (Cal. 1941) .......................................18

*Sanguinetti v. Viewlogic System, Inc.*, Number C 95 2286 TEH, 1996 WL 33967 (N.D. Cal. Jan. 24, 1996) ...............................................................16

### FEDERAL STATUTES

Fed. R. Civ. P. 8(a)(2)...............................................................................6

Fed. R. Civ. P. 9(b) ...............................................................................15, 17

Fed. R. Civ. P. 12(b)(6)...............................................................................6, 20

### STATE STATUTES

Cal. Code Civ. Proc., § 3294 (West 2005)...............................................................19

Cal. Code Civ. Proc., §337 ...............................................................................7

Cal. Code Civ. Proc., §339 ...............................................................................7, 8, 9

Cal. Code Civ. Proc., §338 ...............................................................................9

# I.
## INTRODUCTION

At best, the instant case represents Caitlin Williams' ("Plaintiff") proverbial "second bite at the apple." At worst, it is a blatant attempt by Plaintiff's counsel to fuel the ongoing media attention that the circumstances surrounding this action, and the related Bezuszka Action, have received by asserting unsupportable inflammatory claims against Defendants.

Plaintiff was previously a plaintiff in the matter of Bezuszka v. L.A. Models, et al., Southern District of New York Case No. CV 04-07703 (The First Amended Complaint filed on November 17, 2004 is referred to herein as the "Bezuszka Action"), an ongoing case based on allegations and facts largely similar to those of the instant case. Plaintiff voluntarily dismissed her action on March 8, 2005. In a blatant attempt to avoid critical rulings against her in the Bezuszka matter and to improperly forum shop, Plaintiff filed the instant case on June 28, 2007 in State Court.

The defects which plagued Plaintiff's original claims against Defendants in the Bezuszka Action continue to exist in the instant matter. On March 24, 2006, in ruling on Defendants motion to dismiss in the Bezuszka Action this Court issued a 56-page opinion. (Reference to the Court's March 24, 2006 Opinion and Order will be **"3/24/06 Order Page ____ Section ____"**); See Defendant's concurring filed Request for Judicial Notice, Ex. 4. This Court was critical of many pleading deficiencies contained in the Bezuszka Action. Yet, rather than correcting these defects (having more than ample time to do so), Plaintiff reiterates the same defective claims in the instant Complaint, many of which were dismissed by this Court in the Bezuszka Action. Significantly, in addition to suffering the same pleading deficiencies previously ruled upon, Plaintiff's dilatory filing of the instant Complaint is unavailing, as each claim contained therein is wholly precluded by the applicable statute of limitations. Accordingly, Defendants move to dismiss the Complaint with prejudice.

RCI/5040314.1/KTK

## II.
## PROCEDURAL HISTORY

**A.**    **The Related Case of Bezuszka v. L.A. Models, et al.**

    **1.**    **Background**

Plaintiff's present allegations were originally filed as part of the First Amended Complaint in the related Bezuszka Action on November 17, 2004 (Bezuszka FAC ¶¶163-188). However, in response to then, Defendant Henkel Corporation's Motion to Dismiss for lack of diversity, Plaintiff voluntarily dismissed her claims from the Bezuszka Action on March 8, 2005.

On June 28, 2007, Plaintiff filed the instant "new" action entitled Caitlin Williams; John Does 1-5 and Jane Doe 1-5 against L.A. Models, Inc. and NYC Management Group, Inc., d/b/a/ New York Model Management, in the Supreme Court of the State of New York, Index No. 108978/07. This "new" action involves **the same facts and allegations** as Plaintiff presented in the Bezuszka Action. At the time the instant case was filed, Plaintiff's counsel alerted numerous press outlets about the filing of the "new" case. The press was understandably excited about this matter due to the numerous references to non-party Jessica Stam (now a well-known model and a former client of New York Model Management) in the Complaint.

On July 27, 2007, Defendants removed the action to the United States District Court on the basis of diversity. On August 17, 2007, the matter was deemed related to the Bezuszka Action and assigned to Judge Naomi Reice Buchwald, the same judge presiding over the ongoing Bezuszka Action.

    **2.**    **The Court's Prior Rulings**

Plaintiff's instant Complaint is largely a reiteration of claims made in the Bezuszka Action which this Court has already ruled upon. Specifically, this Court was highly critical of claims made in the Bezuszka Action, which have now found their way into Plaintiff's "new" Complaint (specifically, claims of Fraud, *Quantum Meruit* and Constructive Trust). The

allegations here are substantially the same as in the Bezuszka Action, and thus the court's analysis is equally applicable.

**III.**
**STATEMENT OF FACTS**

**A.    The Parties**

    **1.    Defendants L.A. Models, Inc. and NYC Model Management Group, Inc.**

L.A. Models, Inc. and NYC Model Management Group, Inc., d/b/a/ New York Models, are modeling agencies based in Los Angeles, California, and New York City, respectively. (Complaint at Paras 7, 8, 10 and 11).

    **2.    Plaintiff Caitlin Williams**

Plaintiff Caitlin Williams was the First Runner-Up winner of the 2002 L.A. Look Model Search Contest (Complaint at para 2 and 4).[1]  Ms. Williams is a citizen of Pennsylvania (See Exhibit 1 page 8).

**B.    Plaintiff's Allegations.**

    **1.    The Governing Contract**

Despite alleging two causes of action for breach of contract, Plaintiff has failed to attach a copy of the Agreement, a document integral to Plaintiff's claims, to the Complaint.  The 2nd Circuit Court of Appeal has held that when a plaintiff chooses not to attach to the complaint, or incorporate by reference, a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.  Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (1991) citing I. Meyer Pincus and Assoc. v. Oppenheimer & Co., Inc., 936 F.2d 759, 762 (2d

---

[1]    The Complaint also names as plaintiffs John Does 1-5 and Jane Does 1-5 as purposed "other winners of contests sponsored by defendants, in the years at issue and prior or subsequent years, that have suffered damages by reason of the contests" whatever that means (Complaint Para 7).  None of Plaintiff's claims are pled, nor can they be used as blanket claims being asserted on behalf of an entire class of individuals, on a representative basis.

RC1/5040314.1/KTK

Cir. 1991). Plaintiff admits to signing an eight-page agreement with Defendant. (Complaint ¶30). Moreover, a copy of non-party Jessica Stam's Agreement was attached to the Bezuszka Action as Exhibit "Q". Plaintiff admits, in the Bezuszka Action, that Stam's Agreement is identical in substance to the Agreement presented to Plaintiff. (Bezuszka FAC 177, FN.1). Yet, in his September 24, 2007 correspondence with this Court, Plaintiff's counsel refused to concede the existence of a written agreement. Accordingly, the relevant Agreement is attached hereto as **Exhibit "1"** — to the concurrently filed Request for Judicial Notice.

Interestingly, despite her failure to attach a copy of the Agreement to the Complaint, Plaintiff has attached to the Complaint various documents which Plaintiff contends demonstrate that Defendants lured Plaintiff to their agency with false inducements. Yet, the attached documents are irrelevant to the pending action. Exhibit "A" applies to the 2003 contest in which Plaintiff did not participate. Exhibit "B" applies to the 2001 contest in which Plaintiff did not participate. Exhibit "C" is a press release circulated two (2) years after the Contest, which does not refer to Plaintiff or any Defendant. One could surmise that Plaintiff's intent in attaching these irrelevant Exhibits (and, in particular, the inflammatory Exhibit "C") is an attempt to detract from Plaintiff's intentional failure to attach the contract to the Complaint and simply fuel the self-invoked fires of the press to draw media attention to Plaintiff's counsel.

## 2.    The Complaint

The instant Complaint alleges that Defendants created and sponsored a modeling contest, known as the L.A. Looks Model Contest (the "Contest"). (Complaint ¶1) The particular contest at issue occurred in 2002.[2] Plaintiff alleges that Defendants purportedly represented that the winner and certain runner-ups would receive both a cash prize and a modeling contract. (*Id.*, ¶¶16, 25, 31, 43, 53, among others). Interestingly, although Plaintiff clearly alleges, as in the Bezuszka Action, that the contest was for a cash prize ($75,000) AND

---

[2]    The year of the contest is initially the sole factual difference between the "Bezuszka Action" and the "Instant Action". The broad stroke facts which are not conceded: Plaintiff entered a contest; Plaintiff reviewed and signed an agreement; Plaintiff won a place in the contest; Plaintiff did not receive money are the same or consistent between both cases.

for a two (2) year modeling contract, Plaintiff has never demanded money in any amount from any of the Defendants.

Plaintiff, a Pennsylvania resident, was the first runner up winner in the 2002 Contest. (*Id.*, ¶2). Following Plaintiff's selection as a finalist, Plaintiff was sent a package containing an "eight page standardized agreement." (*Id.* ¶29) The Agreement contains such usual and customary provisions as commission payments with respect to work procured by L.A. Models/NY Model Management, paid on behalf of the models it represents. Plaintiff concedes that she received the package containing the Agreement, that she reviewed and executed the Agreement, and that she then returned the same to Defendants. (Id., paras. 29 and 30). As Plaintiff was a minor, the Agreement was also executed by Plaintiff's parent.

There are no allegations that Plaintiff was fraudulently induced to execute the Agreement or that any false representations of any nature were made to pressure Plaintiff into executing the form Agreements, which are standard forms in the modeling industry. Rather, Plaintiff alleges only that Defendants failed to perform according to the Agreement. Yet, Plaintiff employs the same shotgun approach utilized in the Bezuszka Action to plead and assert causes of actions for (1) Breach of "Contest Contract"; (2) Breach of Contract As "Mother Agency"; (3) Quantum Meruit; (4) Fraud/Intentional Misrepresentation; and (5) Constructive Trust. Additionally, as in the Bezuszka Action, Plaintiff improperly seeks punitive damages.

Plaintiff's dilatory conduct in filing the instant action has allowed the applicable Statute of Limitations to run barring each of Plaintiff's claims based upon the applicable Statute of Limitations. Most significantly, this Court has previously ruled on each of these causes of action in the Bezuszka Action and thus the Court's prior ruling in that action is equally applicable.

RC1/5040314.1/KTK

## IV.
## STANDARD OF REVIEW

**A.     California Law Governs This Action**

The controlling Agreement (**Exhibit "1,"** attached to Defendants' Request for Judicial Notice and incorporated hereto) expressly states that California law will apply to any disputes arising thereunder. (Agreement, para. 11).[3]   Accordingly, this motion will apply the substantive law of California.

**B.     Standard on Motion to Dismiss**

Rule 12(b)(6), Fed R. Civ. P., provides that a motion for failure to state a claim upon which relief can be granted "shall be made before pleading if a further pleading is permitted." Rule 12(b)(6) must be read in conjunction with Rule 8(a), Fed. R. Civ. P., which states that "a pleading which sets forth a claim for relief" shall contain "a short and plain statement of the claim showing that pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must also give the defendant "<u>fair notice of claim asserted</u>" to allow it "to answer and prepare for trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citing 2A MOORE'S FEDERAL PRACTICE ¶ 8.13 (2d ed. 1994).

"General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint." *Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085 (2d Cir. 1995) (citing *Jenkins v. S & A Chaissan & Sons, Inc.*, 449 F.Supp. 216, 227 (S.D.N.Y. 1978); 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1363, at 464-65 (2d ed. 1990).  In addition to the facts set forth in the complaint, the court may also consider documents attached thereto and incorporated by reference therein. See, FED, R. CIV. P. 10( c); *Automated Salvage Transp. Inc. v. Wheelabrator Enytl. Sys., Inc.*, 155 F.3d 59, 67 (2d Cir. 1998).

---

[3]     The Agreement sued upon (attached to this motion, but not attached to the Complaint) specifically provides that California law applies to the claims against Defendants.  See Exhibit 1 to Defendants Request for Judicial Notice and Exhibit Q to the Bezuszka Action, which Plaintiff's counsel, in that action (the same counsel in this action) concedes, subject to Rule 11, is identical to the Williams Agreement.  (Bezuszka FAC, para. 177, FN. 1).

# V.
# ARGUMENT

**A.    The Entirety Of The Instant Action Is Barred By The Statute Of Limitations**

    **1.    Plaintiff's Breach of Contest Contract Claim is Barred by the Statute of Limitations**

        **a.    Applicable Statute of Limitations**

Pursuant to Cal. Code of Civil Procedure section 337, a four-year limitations period applies to claims based on written contracts, specifically Code Civ. Proc., §337, subd. 1 provides that [a] cause of action for breach of contract accrues for statute of limitations purposes when there has been a breach of the contract. *Church v. Jamison*, 143 Cal. App. 4th 1568 (2006). While Plaintiff fails to adequately allege an oral agreement, to the extent that one might even exist, (which is not conceded by Defendants), it would nonetheless be barred by the 2-year statute of limitations. See also Code Civ. Proc., §339, likewise accruing on breach.

        **b.    The Alleged Breach of Contract Occurred on December 5, 2002.**

Plaintiff executed the L.A. Models/New York Model Management Agreement ("Agreement") on August 29, 2002, effective upon her winning a place in the contest. Attached to the Agreement is a monthly payment schedule that identifies the timing of payments to the contest winners, provided they met the criteria for payment set forth in the Agreement. Ms. Williams participated in the finals held in September, 2002 and was awarded first runner-up status on that date.

The Agreement specifically provides that "the Term commences two months after your selection as ... First Runner-up ...." (Ex. 1 pg 2). Accordingly, the effective date of the contract is November 5, 2002.

Assuming all the Agreement criteria have been met, pursuant to the payment schedule, the first payment would have been due to Plaintiff on December 5, 2002. Plaintiff alleges that she complied with all terms and conditions of the Agreement (Complaint ¶49). Plaintiff further alleges that despite due demand, Defendants have refused to pay Plaintiff <u>any</u> money

RCI/5040314.1/KTK

(Complaint ¶40). Thus, pursuant to the Agreement, the first payment should have been made on or before November 5, 2002. However, according to the Complaint, the payment did not occur and therefore, the alleged breach of the Agreement occurred on December 5, 2002.

      **c.**    **Plaintiff's Breach of Contest Contract Claim Is Precluded By the Statute of Limitations**

Plaintiff commenced her original action (as part of the Bezuszka Action) on November 17, 2004 and voluntarily dismissed her claims on March 8, 2005. Plaintiff then waited <u>over two</u> years, until June 28, 2007, to file the instant "new" action in the New York Supreme Court.

The following is a summary of the running of the statute of limitations:

| | |
|---|---|
| December 5, 2002 (date of breach) – November 17, 2004 (commencement of original action): | 1 years, 11 month, 12 days |
| November 17, 2004 - March 8, 2005: statute of limitations tolled while Plaintiff was a party in the related Bezuszka matter. | |
| March 9, 2005 - June 28, 2007: | <u>2 years, 3 months, 19 days</u> |
| | **Total    4 years, 3 months** |

Excluding the tolling period, approximately 4 years and 3 months passed between the date of the alleged breach of contract and the date Plaintiff commenced the instant action. Thus, Plaintiff's claim for breach of written contract is barred in its entirety as untimely by California Code of Civil Procedure section 337. Limiting her claim for breach of oral contract is barred by Code Civ. Proc., §339.

      **2.**    **Plaintiff's Breach of Contract As "Mother Agency" is Barred by the Statute of Limitations**

For the same reasons enunciated in section A.1., Plaintiff's Second Cause of Action is barred in its entirety as untimely, pursuant to California Code of Civil Procedure section 337. Similarly as for any claim for breach of oral contract barred by Code Civ. Proc., §339.

### 3.    Plaintiff's Quantum Meruit Claim is Barred by the Statute of Limitations

#### a.    Applicable Statute of Limitations

A two-year statute of limitations applies to quantum meruit claims.  Code Civ. Proc. §339.

#### b.    Running of the Statute of Limitations on Plaintiff's Quantum Meruit Claim

As established by the Complaint, the only contest that is relevant to this action is the 2002 Contest in which Plaintiff participated. The latest applicable date is in Plaintiff's claim that "in 2002 through 2003, the L.A. Models Defendants [purportedly] used Williams, her image, etc. to promote their 2003 Contest."  (Complaint ¶41)  Even assuming that the statute of limitations for Plaintiff's quantum meruit claim accrued at the end of 2003, the 2-year statute of limitations for that claim would nonetheless have expired at the end of 2005, well before Plaintiff's filing of the instant complaint on June 28, 2007.

### 4.    Plaintiff's Fraud/Intentional Misrepresentation Claim is Barred by the Statute of Limitations

#### a.    Applicable Statute of Limitations

CCP 338 dictates that a 3-year statute of limitations applies to claims of fraud. Code Civ. Proc., §338.  The statute of limitations begins to run when the Plaintiff discovers the facts constituting the fraud.  Id.

This Court has previously observed in the Bezuszka Action that the "Model Plaintiff's fraud claims would be barred by California's three-year statute of limitations, as the contracts were all signed in May 2001 and the initial complaint in this action was filed on September 29, 2004." **3/24/06 Order Page 33 Fn 23**.  In the instant case, the contract was signed in September 2002 and this action was filed on June 28, 2007).[4]  Accordingly, the Court's prior ruling is equally applicable to this case.

---

[4]    Fraud claims under Pennsylvania law are also subject to a two-year statute of limitations.  See 42 Pa.Cs. § 5524.  Therefore, to the extent that Ms. Williams' claim is brought pursuant to Pennsylvania Law, it fails for this reason as well.

- 9 -

    **b.**       **Discovery of the Alleged Fraud/Running of the Statute of Limitations**

Plaintiff alleges a number of alleged "fraudulent acts," each of which is precluded by the applicable statute of limitations. Specifically, Plaintiff alleges that Defendants allegedly committed fraud/intentional misrepresentation by performing the following:

*(i) misrepresenting the nature of the contest prizes;*

*(ii) misrepresenting their ability to "guarantee" income, when in fact, they could not;*

*(iii) misrepresenting the numerous conditions, deductions, costs and fees incurred and demanded of plaintiff;*

*(iv) intentionally deceiving contestants in the 2002 contest as to sponsorship and/or affiliation with "LA Looks;"*

*(v) upon information and belief, improperly assuring the outcome of the 2002 Contest by predetermining its winner;[5] and*

*(vi) improperly entering and allowing a contestant to win the 2002 Contest, who was known by defendants to be ineligible to enter and win the contest, as a non US resident and without legal ability to work in the U.S., contrary to contest rules.*

Complaint ¶74.

Each of Plaintiff's allegations involves the 2002 Contest and involves alleged acts that were discovered at the time of the contest or, at latest, in the following months thereafter. Specifically, Plaintiff's complaint contends that Plaintiff won the First Runner-up prize of $75,000.00 on September 5, 2002 but that, *"in the months thereafter, plaintiff became discouraged and disillusioned; defendants' numerous promises of modeling work were not being fulfilled through no fault of plaintiff."* Plaintiff also alleges that *"defendants have refused to pay the plaintiff any of the contest prize money...."* These are the same allegations contained in the first and second causes of action and identical to the claims in the Bezuszka Action made in November 2004 — claims that have previously been dismissed.

---

[5]    Plaintiff's preposterous and inflammatory allegation that the winner of the contest was predetermined is devoid of merit. It does, however, afford Plaintiff's counsel to again, three years later, exploit non-party Jessica Stam's name in a lawsuit and garner the associated press attention in the U.S. and Canada through mentioning a supermodel in a lawsuit.

Thus, as the relevant contest occurred in 2002 and the purposed fraudulent acts are alleged to have occurred, at latest, in the following months, the fraud/misrepresentation claim in the instant "new" action filed on June 28, 2007 is precluded by the 3-year statute of limitations.[6]

## VI.
## PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR EACH OF HER CLAIMS

Even assuming that the relevant statute of limitations had not expired (which they clearly have) numerous pleading deficiencies previously determined by this Court to be fatal to the Bezuszka Action continue to exist.  Accordingly, like the Bezuszka Action, Plaintiff's Complaint should be dismissed as discussed below.

**A.    Plaintiff's Claim for Breach of Contest Contract Fails to State a Cause of Action**

Assuming arguendo that Plaintiff's Breach of Contract claim is not barred by the statute of limitations, which is not conceded, Plaintiff's Complaint must give the Defendants fair notice of the claim asserted to allow it to answer and prepare for trial.  In the instant matter numerous extrinsic matters, directly contradicted by the written Agreement, are contained in the first cause of action, making it virtually impossible for the Defendants to adequately respond to the Complaint.   The first cause of action is so poorly pled that the Defendants cannot adequately respond.  Plaintiff refers to a purported "oral contract" (Complaint ¶51), which terms and parties are not identified as required under the well-established law. California Civil Code section 1550.  Further, the Complaint fails to state a claim for breach of contract on a representative basis such that the John and Jane Does must be dismissed.

As this Court stated in the Bezuszka Action:

> **"The Complaint refers both to "oral agreements and written contracts,"
> Compl. ¶ 231, though we are entirely unclear as to what oral agreements
> were alleged that were not subsumed by the written contracts. Whatever
> verbal representations were made all seemed to relate to the promise to
> provide the contest winners with written contracts.  Consequently, in
> finding that the Model Plaintiffs have stated a claim for breach of contract**

---

[6]    The running of the statute of limitations takes into account the tolling period from November 17, 2004 - March 8, 2005 while Plaintiff was a party in the related Bezuszka matter.  (See pg. 9, supra.)

**against the L.A. Models Defendants, we are referring only to the actual written contracts, not to any oral agreements. The Complaint fails to adequately allege any agreements made outside the scope of the written contracts. . . ." 3/24/06 Order Pg 19 Fn.15.**

Plaintiff alleges, in a scattershot method, both an oral agreement and a written agreement, in addition to touching upon inducement and duress and allegations as to non-parties on a representative basis. All of these extrinsic, inapplicable pleading issues were previously addressed by this Court and ruled upon, yet appear in the "new" First Cause of Action.[7]

Plaintiff's Complaint makes clear that many of Plaintiff's contentions are demonstrably false, as reflected in the express language of the written Agreement. Plaintiff concedes that she received and willingly signed the Agreement, which expressly describes in detail the prizes to be awarded in the Contest - prizes which did *not* include "prize money" and/or "other prizes" as repeatedly alleged in the Complaint (*Id.*, paras. 2, 25, 30, 40, 43, 49, 71, 93). The Agreement, on its face, therefore completely contradicts Plaintiff's allegations regarding a purported breach of contract.

Importantly, Plaintiff *concedes* time and again that she freely signed and agreed to the terms of the Agreement. Thus it is clear that the Complaint fails to allege, nor could it, that any sort of external pressure was placed on Plaintiff. Plaintiff had the agreement for a week and thus Plaintiff cannot contend that she had an unreasonably short period of time to review a standardized agreement.

Yet, Plaintiff simultaneously alleges that she signed the written Agreement "upon or under" duress, undue influence and by improper means." (Complaint, para. 54). Not only is this allegation improperly pled as part of a breach of contract claim, but Plaintiff fails to allege a single fact to support this conclusory allegation — an allegation not only directly contradicted by the operative agreement, but also other allegations contained in the Complaint. Therefore, although Plaintiff may have loosely set forth a claim for a breach of the written contract

---

[7]    Plaintiff's Complaint is particularly egregious since she is represented by the same counsel as the Bezuszka Action, and this Plaintiff's counsel is well aware of the deficient nature of the complaint.

RCl/5040314.1/KTK

attached as Exhibit 1, (which Defendants do not concede) Plaintiff's unsupported allegations, including claims of oral contracts and representative claimants on behalf of non-contracting parties John and Jane Doe, and duress must be stricken.[8]

**B.**   **Plaintiff's Claim for Breach of Contract As "Mother Agent" Fails to State a Cause of Action**

Assuming arguendo that Plaintiff's Breach of Contract as "Mother Agent" claim is not barred by the statute of limitations, which is not conceded, the Second Cause of Action entitled "Breach of Contract as Mother Agent" is no different that Plaintiff's first cause of action.

Plaintiff alleges in this cause of action that the "Defendants" breached the "parties' agreements" by, among other things: "Grossly mismanaging plaintiff's modeling career; .. .. ; failing to adequately promote, exploit, negotiate on behalf of and /or book plaintiff for modeling jobs; .. .; deducting improper costs and fees; ...." (Complaint ¶64).

Plaintiff alleges that certain purported breaches of contract as mother agent caused plaintiff to suffer, among other things, financial hardship, loss of educational and financial opportunity, personal humiliation and stress, (Complaint, ¶65). Plaintiff demands not less than five hundred thousand dollars in actual and compensatory damages.  Notwithstanding that the Agreement limits Plaintiff to actual damages (Exhibit 1, Pg. 6 Para 7), Plaintiff fails to allege a single fact to support the conclusory allegations contained in Paragraphs 64 and 65.  Since the Agreement governs the terms and conditions of the relationship between the parties any alleged breach is contained in the first cause of action.  Thus, at best, the second cause of action is mere surplusage and should be dismissed.

**C.**   **Plaintiff's Claim for Quantum Meruit Fails to State a Cause of Action**

The Third Cause of Action for Quantum Meruit is based upon the faulty allegations supporting Plaintiff's breach of contract claim and thus is legally deficient for the reasons described above.  Additionally, under California (and New York law), the existence of an

---

[8]   "Although we agree that the complaint is not a model of clarity * * * *." **3/24/06 Order Pg. 24 Section D.**

express contract governing a particular subject matter ordinarily precludes recovery in quantum meruit for events arising out of the same subject matter. "A claim for 'quantum meruit' cannot lie in the face of such a contract." *California Medical Ass'n v. Aetna U.S. Healthcare of California, Inc.* 94 Cal. App. 4th 151, 172-73 (Ct. App. 2001).

In fact, this Court has previously addressed and dismissed entirely the identical claim from the Bezuszka Action. Specifically, the Court's March 24, 2006 ruling states, in pertinent part:

> **"In New York, the general rule is that 'where there is an express contract no recover can be had on a theory of implied contract.'** *Knobel v. Manuche,* **146 A.D.2d 528, 530, 536 N.Y.S.2d 779, 781 (1st Dep't 1989) (internal citations and quotations omitted). An exception exists 'where the defendant has frustrated the plaintiff's performance of his duties under the contract,' id., but the Complaint only alleges that the defendants failed to perform, not that Plaintiff was unable to fulfill her own contractual obligations. Indeed the complaint alleges quite the opposite. Moreover, there is no 'genuine dispute as to the existence of a contract,' Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996) (citation omitted)" * * * "California Law also precludes our entertaining a cause of action for quantum meruit. See Lance Camper Mfg. Corp. v. Republic Indem., 44 Cal. App. 4th 194, 203, 51 Cal. Rptr. 2d 622, 628 (Cal. Ct. App. 1996) ('it is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter.')"** 3/24/06 Order Pages 28-29 Section H.

Thus, as in the Bezuszka Action, Plaintiff's quantum meruit claim must be dismissed in its entirety.

**D.    Plaintiff's Claim for Fraud/Intentional Misrepresentation Fails to State a Cause of Action**

Assuming arguendo that Plaintiff's Breach of Contract claim is not barred by the statute of limitations, which is not conceded, Plaintiff has failed to allege a cause of action for Fraud.

Plaintiff appears to be asserting a fraud in the inducement claim regarding the operative agreements. However, Plaintiff's allegations and the Agreement belie this contention, and the Complaint is notably devoid of any allegations to support a claim for fraud in the inducement,

RC1/5040314.1/KTK

duress or undue influence on the part of any Defendant. In fact, the First and Second Causes of Action specifically seek *enforcement* of the "parties' agreements."

Plaintiff has failed to satisfy any of the requirements of Fed. R. Civ. P. 9(b), which states, in relevant part, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake *shall be stated with particularity*." (Emphasis added).

In the Bezuszka Action, this Court previously analyzed and ruled on allegations identical to those of the within Plaintiff's allegations, in great detail over six (6) pages. Yet, in the current action, Plaintiff fails to state with any specificity the "who, what, when, and where" elements of a fraud claim. (See Complaint ¶¶70-85.) Additionally, Plaintiff fails to adequately allege justifiable reliance or damages. Rule 9(b) requires Plaintiff to allege, <u>at a minimum</u>, what specific representations she believes each Defendant made, the time and place the representation was made, and the reasons why it is false. *See, Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). Plaintiff fails to do so. Plaintiff simply alleges that she apparently relied upon these purported unidentified misrepresentations made by unidentified people, at unidentified times, by, among other things, forgoing various opportunities and incurring significant expenses. (Complaint ¶80)

In fact, based on her own allegations, Plaintiff could not have relied on any prior purported misrepresentations because Plaintiff concedes that the Agreement expressly *disclosed all of the actual terms of the deal* – terms which Plaintiff had a week to review (Complaint paragraph 29) and to which she (along with her mother, who executed a parental consent) *willingly agreed.* Once Plaintiff learned the actual terms of the deal upon signing, she could no longer reasonably rely on any alleged misrepresentations made prior to signing.

- 15 -

The court analyzed these issue in the Bezuszka Action in the following way:

**"i. Model Plaintiffs' Breach of Contract Claims Preclude Fraud Claim[9]**

**To prove fraud under New York law, "a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance."** Bangue Arabe et Internationale D'Investissement v. Maryland Nat'l Bank, **57 F.3d 146, 153 (2d Cir. 1995)  (citing** Bridgestone/Firestone, Inc. v. Recovery Credit Sys., Inc., **98 F.3d 13 (2d Cir. 1996)).  In addition, a fraud claim must be "sufficiently distinct from the breach of contract claim,"** Papa's-June Music, Inc. v. McLean, **921 F. Supp. 1154, 1162 (S.D.N.Y. 1996), and "a contract claim cannot be converted into a fraud claim by the addition of an allegation that the promisor intended not to perform when he made the promise."** Id. **at 1160 (citing cases).  When a fraud claim is brought based on the same circumstances that give rise to a breach of contract claims, "a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract . . . or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract . . . or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages."** Bridgestone/Firestone, **98 F.3d 13, 20 (omitting citations).  On the other hand, in some circumstances "a misrepresentation of a present fact that induces a party to enter into a contract is actionable as fraud."** Gulf Coast Dev. Group v. Lebor, **02 Civ. 6959 (NRB), 2003 WL 22871914 at \*6 (S.D.N.Y. Dec. 3, 2003) (citing** Bridgestone/Firestone, **98 F.3d at 20).**

**The Model Plaintiffs' fraud allegations fail to fall into any of these exceptions.  First, the Model Plaintiffs do not allege any sort of special relationship among the parties or other situation that would give rise to a legal duty apart from the parties' contractual relationships.  Second, each of the alleged misrepresentations involves the very issues addressed in the**

---

[9]    **3/24/06 Order Pg 33 Fn 23** states: Our discussion focuses on New York law and cases, as the parties both assumed application of New York law to the fraud claims in their memoranda of law. However, California cases similarly provide that a breach of contract claim may not be pled as fraud absent evidence of an independently tortious act.  See e.g., Harris v. Atlantic Richfield Co., 14 Cal. App. 4th 70, 78, 17 Cal. Rptr. 2d 649, 654 (Cal. Ct. App. 1993)  ("when one party commits a fraud during the contract formation or performance, the injured party may recover in contract and tort").  Here, the Complaint makes no allegation of fraud independent of the contract.  Moreover, "[u]nder California law . . . , 'a written contract presumptively supersedes all prior or contemporaneous oral agreements concerning the subject matter of the written contract.'"  Sanguinetti v. Viewlogic Sys., Inc., No. C 95 2286 TEH, 1996 WL 33967 at \*12 (N.D. Cal. Jan. 24, 1996) (quoting Sullivan v. Mass. Mutual Life Ins. Co., 611 F.2d 261, 264 (9th Cir. 1979)) (additional citations omitted).  Thus, the Model Plaintiffs' allegations that defendants made additional promises relating to the subject matter of the contracts prior to their signing may not form the basis for a fraud claim.

contracts, including the income guaranteed to the Model Plaintiffs and the defendants' responsibility to promote the models and secure work for them. Third, there are not special damages alleged that could not be recovered under a contract theory. In short, all of the alleged misconduct of which the Model Plaintiffs complain occurred under the rubric of the contractual relations among the parties, such that the fraud allegations are entirely indistinct from the claims for breach of contract. The allegations that are couched in the language of fraud are no more than breach of contract allegations masquerading as something more. Here, the Complaint alleges that the Model Plaintiffs signed contracts with the defendants, who subsequently did not fulfill their obligations. These facts simply cannot give rise to a fraud claim.

### ii. Model Plaintiffs Fail to Plead Fraud With Particularity

The Court analyzed this issue in the Bezuszka Action in the following way:

> Even if the Model Plaintiffs could plead fraud in this context, they have failed to do so with particularity, as required by Fed. R. Civ. P. 9(b). Rule 9(b) "requires that '[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity,' an exception to the generally liberal scope of pleadings allowed by Rule 8, Fed. R. Civ. P." (Footnote 24 omitted). Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986) (citing Ross v. A.H. Robins Co., 607 F.2d 545, 557 (2d Cir. 1979), cert. denied, 446 U.S. 946 (1980)). In order to satisfy the requirements of Rule 9(b), a complaint alleging fraud "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). "Additionally, where multiple Defendants are alleged to have committed fraud, the Complaint must 'allege specifically the fraud perpetrated by each defendant.'" Simon v. Castello, 172 F.R.D. 103, 105 (S.D.N.Y. 1997) (quoting Natowitz v. Mehlan, 542 F. Supp. 674, 676 (S.D.N.Y. 1982)).
>
> * * *
>
> Moreover, the Model Plaintiffs fail to allege with particularity that they reasonably relied on the alleged misrepresentations. Although the Complaint alleges that the Model Plaintiffs turned down educational opportunities and other employment in reliance on the defendants' representations, see Compl. ¶ 264, without more specific allegations of why this reliance was reasonable, it is difficult for the Court to conclude that this element of a fraud claim has been adequately pled. If the Model Plaintiffs had indeed not been paid during the entirety of the two-year contract terms, it strains credulity that they could continue to reasonably rely on the defendants' representations. In sum, the Model Plaintiffs have failed to plead fraud with particularity,

- 17 -

providing an independent basis for dismissal of their fourth cause of action."
3/24/06 Order Pages 33-25 and 36-37 Sections Ai and Aii.

Accordingly, under the applicable case law, and particularly in light of this Court's prior ruling, the skeletal allegations of the Fourth Cause of Action are unquestionably insufficient to support allegations of fraud against the Defendants.

**E.**    **Plaintiff's Claim for Constructive Trust Fails to State a Cause of Action**

Black letter law dictates that, "if [a] plaintiff is not entitled to recover under one count in a Complaint wherein all of the facts upon which his demand is based are specifically pleaded, it is proper to sustain a demurrer to a common count set forth in the Complaint, the recovery under which is obviously based on the set of facts specifically pleaded in the other count." *Hays v. Temple*, 73 P.2d 1248, 1251 (Cal. Ct. App. 1937); *Orloff v. Metropolitan Trust Co.*, 110 P.2d 396, 399 (Cal. 1941) (citing *Hays*).

This Court has previously analyzed and dismissed a claim for Constructive Trust in the Bezuszka Action. In particular, the Court stated:

> "In New York, a cause of action for a constructive trust has four elements: (1) a fiduciary or confidential relationship; (2) a promise; (3) reliance on that promise; and (4) unjust enrichment. See, e.g., Maynor v. Pellegrino, 226 A.D.2d 883, 884, 641 N.Y.S.2d 155, 157 (3d Dep't 1996) (citing Gottlieb v. Gottlieb, 166 A.D.2d 413, 560 N.Y.S.2d 477 (2d Dep't 1990). Although California courts do not impose precisely the same requirements to state a claim for a constructive trust, a California plaintiff is 'not entitled to relief under a constructive trust theory' if he 'did not allege facts showing any fraud or breach of any fiduciary duty.' *Michaelian v. State Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1114, 58 Cal. Rptr. 2d 133, 147 (Cal. Ct. App. 1996). (FN 35 – 'In fact, California courts explicitly recognize that "[a] constructive trust is not a substantive device but merely a remedy . . . .' Embarcadero Mun. Improvement Dist. v. County of Santa Barbara, 88 Cal. App. 4th 781, 793, 107 Cal. Rptr. 2d 6, 15 (Cal. Ct. App. 2001)).
>
> Thus, under both New York and California law, a plaintiff seeking a constructive trust must plead a fiduciary duty (or in New York, a "confidential relationship") between plaintiff and defendant." 3/24/06 Order Pages 48-50 Section E.

Clearly, Plaintiff fails to allege a fiduciary duty or any confidential relationship in the instant matter, and thus dismissal of the fifth cause of action is required.

# VII.
## PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES ARE IMPROPER

**A.    Punitive Damages Are Not Permissible Under Any Theory In This Matter**

Punitive damages are not available for a breach of contract claim under California law

See CAL. CIV. CODE § 3294 (West 2005) (providing for exemplary damages only in an action

for breach of an obligation not arising from contract).[10]

The Court analyzed this issue in the Bezuszka Action in the following way:

**"G.  Punitive Damages**

**Despite the Model Plaintiff's request for punitive damages, see Compl. ¶ 242, they are unavailable for a breach of contract claims under both California and New York law.  Besides the fact that the agreements the Model Plaintiffs signed with the L.A. Models Defendants expressly limit recovery to actual damages, both California and New York require that an independent tort be alleged in order to support a claim for punitive damages arising out of a breach of contract.  See Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 869 P.2d 454, 460, 462 (Cal. 1994); New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 316, 662 N.E.2d 763, 767-68 (1995).  As discussed below, the Model Plaintiffs fail to state a cause of action sounding in tort, such that they may not recover punitive damages." 3/24/06 Order Page 28 Section G.**

Accordingly, Plaintiff's improper claim for punitive damages based on breach of

contract must be dismissed and all of Plaintiff's inappropriate references to punitive damages in

the Complaint should be stricken.

# VIII.
## CONCLUSION

As discussed above, each of Plaintiff's claims is precluded by the statute of limitations.

Further, even assuming arguendo that the applicable statute of limitations did not bar such

claims, the Complaint nonetheless still fails to state a cause of action as to each of Plaintiff's

claims.  Moreover, Plaintiff's punitive damage claims contained in the First and Fourth Causes

of Action (see Complaint, paras, 61 and 85 and paragraphs a and d in the prayer for relief), must

be stricken as pled.  They are simply unavailable in this case.  Accordingly, the Complaint of

---

[10]    Likewise punitive damages are not available under New York Law or Pennsylvania Law.

RC1/5040314.1/KTK

Ms. Williams' – based upon resurrected allegations previously dismissed by this Court must be dismissed with prejudice.

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6), Fed. R. Civ. P., should be granted.

Dated: December 13, 2007
Los Angeles, CA

Respectfully submitted:
ROPERS MAJESKI KOHN & BENTLEY


By: _____
Howard K. Alperin – (HA 2864)
515 S. Flower Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 312-2000
Fax: (213) 312-2001
halperin@rmkb.com
Attorneys for Defendants L.A. Models, Inc., and
NYC Model Management, Inc., dba New York
Model Management

- 20 -