UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAITLIN WILLIAMS,<br><br>                    Plaintiff,<br><br>- against -<br><br>L.A. MODELS, INC., NYC MANAGEMENT GROUP, INC<br><br>Defendants. | Case No.: 07 CIV 06778 (NRB)<br>Related to Case No. 04 CIV 07703 (NRB)<br><br><br>Document Electronically Filed |

DEFENDANTS L.A. MODELS, INC., AND NYC MANAGEMENT GROUP, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION PURSUANT TO FED. R. CIV. P. 12(B)(6).

Dated: March 3, 2008

          Los Angeles, CA

Howard K, Alperin  (HA 2864)
Ropers Majeski Kohn & Bentley
515 S. Flower Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 312-2000
Attorneys for Defendants L.A. Models, Inc., and
NYC Management Group, Inc.

# TABLE OF CONTENTS

**Page**

I.     SUMMARY OF REPLY MEMORANDUM.................................................................1

II.    ARGUMENT.....................................................................................................................1

    A.    Plaintiff's Opposition was Untimely Filed, Without Excuse, and Should
        Therefore Be Disregarded ........................................................................1

    B.    This Court Has Already Addressed, And Expressly Rejected, The
        Arguments Proffered in the Opposition..................................................2

        1.    Plaintiff's Choice of Law Argument Has Previously Been Rejected
                By This Court and Should Be Rejected Here ............................................2

        2.    Plaintiff's Arguments Concerning the Agreement's Limitation of
                Damages Clause Are Without Merit .........................................................3

        3.    The First Cause of Action Should Be Dismissed ....................................4

        4.    The Second Cause of Action Should Be Dismissed..................................5

        5.    Plaintiff Concedes That The Third Cause of Action Based On
                Quantum Meruit Should Be Dismissed ....................................................6

        6.    Plaintiffs' Fraud Claim Is Legally Deficient and Should Be
                Dismissed...................................................................................................6

                a.    Plaintiff's Breach of Contract Claim Precludes a Fraud
                        Claim ..........................................................................................6

                b.    Plaintiff Has Failed to Plead Fraud With the Requisite
                        Particularity ...............................................................................7

                c.    Plaintiff's Claim for Punitive Damages Must Be Dismissed ........9

        7.    Plaintiff's Claim For A Constructive Trust Should Be Dismissed............9

    C.    Leave to Amend Should Be Denied .................................................................10

III.   CONCLUSION ..............................................................................................................10

## TABLE OF AUTHORITIES

### FEDERAL CASES

Page(s)

*Browning v. Rosenshein,*
    774 F. Supp. 129 (S.D.N.Y. 1991) ........................................................................ 8

*Inn Chu Trading Co. v. Sara Lee Corp.,*
    810 F. Supp. 501 (S.D.N.Y. 1992) ....................................................................... 7

*Luce v. Edelstein,*
    802 F.2d 49 (2d Cir. 1986) ................................................................................. 7

*Mills v. Polar Molecular Corp.,*
    12 F.3d 1170 (2d. Cir. 1993) .............................................................................. 9

*Proto Construction & Development Corp. v. Superior Precast, Inc.,*
    2002 U.S. Dist. LEXIS 10072 (E.D.N.Y. 2002) ................................................. 4

*Ross v. A.H. Robins Co.,*
    607 F.2d 545 (2d Cir. 1979), cert. denied, 446 U.S. 946, 100 S. Ct. 2175, 64 L.
    Ed. 2d 802 (1980) .............................................................................................. 7

### STATE CASES

*Peers v. McLaughlin,* (1891)
    88 Cal. 294 [26 P. 119] ..................................................................................... 4

*Yield Dynamics, Inc. v. Tea Systems Corporation, et al.,*
    154 Cal. App. 4th 547 (6th Dist. 2007) ............................................................. 4

### DOCKETED CASES

*Bezuszka, et al. v. L.A. Models, Inc.,*
    et al. Case No. 04 ............................................................................................... 1

### FEDERAL STATUTES

Fed. R. Civ. P. 9(b) .................................................................................................. 7, 8, 9

Fed. R. Civ. P. Rule 11     .............................................................................. 6

Fed. R. Civ. P. Rule 12(b)(6)     ....................................................................... 1, 10

## TABLE OF AUTHORITIES (cont'd)

### STATE STATUTES

Page(s)

Cal. Civ. Code, § 3521 ..................................................................................................4

Defendants L.A. Models, Inc. (hereinafter, "L.A. Models") and NYC Management Group, Inc. (hereinafter, "N.Y. Models") (collectively, "Defendants") submit this Reply Memorandum of Points and Authorities in Support of Their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    SUMMARY OF REPLY MEMORANDUM

Plaintiff's untimely-filed Opposition ("Opposition" or "Opp.") is replete with improper allegations that are absent from the Complaint and/or are asserted against non-parties to this case. Indeed, when stripped of its baseless rhetoric, Plaintiff's Opposition is, not coincidentally, strikingly similar to the Opposition filed by her counsel almost 2 years ago in the related case of Bezuszka, et al. v. L.A. Models, Inc., et al. Case No. 04 Civ 0773 NRB (the "Bezuszka Action").

As set forth in Defendants' moving papers, the Court will recall that Plaintiff Williams and her mother were parties in the Bezuszka Action until they voluntarily dismissed their claims on March 8, 2005 (See Request for Judicial Notice Ex. 3). Identical claims were rejected by this Court in its Memorandum and Order dated March 24, 2006 (reference to the Court's March 24, 2006 Order will be "3/24/06 Order pg. ____") attached to Defendants' Request for Judicial Notice as Exhibit 4.[1]

Thus, the Opposition serves only to underscore the legal inadequacy of the Complaint. Accordingly, for all of the reasons set forth below and in Defendants' moving papers, the Complaint should be dismissed in its entirety, without leave to amend.

## II.    ARGUMENT

### A.    Plaintiff's Opposition was Untimely Filed, Without Excuse, and Should Therefore Be Disregarded.

Pursuant to the court-approved stipulation between the parties, Plaintiff's Opposition was due on or before February 18, 2008. (See Court's endorsed letter, attached hereto as Exhibit "A"). Instead, without explanation or any offered excuse, Plaintiff filed and served the

---

[1]    Plaintiff sought to avoid this Court's 3/24/06 Order having filed this action in New York state court on or about June 20, 2007.

Opposition on February 20, 2008. (See true and correct copy of the ECF filing notice reflecting the filing of the Opposition on February 20, 2008 [Exhibit "B" hereto]). Accordingly, it is respectfully requested that the improperly filed Opposition should not be considered by the Court in ruling on the instant motion to dismiss.

**B.    This Court Has Already Addressed, And Expressly Rejected, The Arguments Proffered in the Opposition**

**1.    Plaintiff's Choice of Law Argument Has Previously Been Rejected By This Court and Should Be Rejected Here.**

Plaintiff's Opposition finally concedes the existence of a written contract between the parties. In the earlier Bezuszka Action, Defendants were sued by plaintiffs who were in the *identical* position to Plaintiff in this case—i.e., a disgruntled pageant contest winner protesting a virtually identical agreement at issue in this case. In that action, this Court had the opportunity to review a virtually identical agreement and thoroughly analyze Plaintiff's arguments regarding identical contractual provisions. In considering Plaintiff's allegations in the Bezuska Action, this Court concluded that:

> **"A. Choice of Law**
> "* * * the L.A. Models Agreement explicitly state that they are to be construed in accordance with California law. ***. Because we find that all of the agreements signed by the Model Plaintiffs are enforceable, we also give effect to the relevant choice of law provisions." 3/24/06 Order Pg 20.

In that case and in the instant matter, the facts were the same: the agreement at issue ("Agreement") (together with the parental consent and parental consent form signed on behalf of the minor plaintiff) clearly states that the Plaintiff's guardian read the Agreement and gave consent to the minor child's participation, **"on the terms and conditions contained in such Agreement."** (Emphasis added) In the case at bar, it is uncontroverted that Plaintiff (and her guardian) signed the Agreement and consent forms.

Significantly, Plaintiff (just as her fellow pageant contestants in the Bezuszka Action) cites no authority for her contention that this Court should ignore the plain language of the Agreement at issue herein, which clearly calls for the application of California law, and she

-2-

proffers absolutely no support for her contention that New York law should instead be applied –
which is particularly unfounded here, where Plaintiff resides in Pennsylvania.

Thus, in light of this Court's prior ruling on this very issue, California law should be
applied to this matter.

### 2. Plaintiff's Arguments Concerning the Agreement's Limitation of Damages Clause Are Without Merit.

The Complaint does not contain a single allegation that the limitation of liability
provision (or the choice of law provision) of the Agreement was procured under duress, or is
otherwise unconscionable.

This Court has previously ruled that "Plaintiff's argument that it would be unconscionable
to enforce the limitation of liability provision in the Agreement was wholly without merit."
(3/24/06 Order Pg 21). The Plaintiff pageant contestant in this case now argues – precisely as
the plaintiff pageant contestant in the Bezuaska Action did, in connection with the identical
provision in the same form of Agreement -- that if she cannot claim the Agreement was
unconscionable, she can claim the Defendant acted in bad faith and thus avoid the limitation of
liability provision of the Agreement.[2]  Unsurprisingly, Plaintiff's bad faith argument, copied
virtually verbatim from her counsel's opposition in the Bezuszka Action, is also without merit.

Plaintiff's Complaint is devoid of any facts to support a claim that the moving Defendants
acted in bad faith. In fact, the cases cited in the Opposition do not support a finding of bad faith
that would invalidate a clear contractual provision.

Plaintiff spends 5 (five) paragraphs (17, 18, 46, 47, 48) in her Complaint asserting
allegations against a non-Party to this action, in the apparent hope that the mere mention of a
questionable (but not illegal) practice by a non-party will be imputed to Defendants. Plaintiff's
unsubstantiated allegations against such non-parties do not and can not invalidate clear
contractual provisions which this Court has previously found to be valid.

---

[2]  Plaintiff virtually concedes that the 3/24/06 Order precludes an argument that limitation of liability provision
contained in the Agreement is unconscionable and, accordingly, Plaintiff jumps right into the identical
alternative bad faith argument that her counsel stated in the Bezuszka Action, on behalf of the plaintiff pageant
contestants in that action.

-3-

Additionally, Plaintiff's allegation that she was not paid under the Agreement does not equate to an allegation of willful bad faith. "Mere nonperformance of a promise does not establish that the promise was fraudulent when made." *Yield Dynamics, Inc. v. Tea Systems Corporation, et al.*, 154 Cal.App.4th 547, 576 (6th Dist. 2007). The law in New York is in accord. See, *Proto Construction & Development Corp. v. Superior Precast, Inc.*, 2002 US Dist. LEXIS 10072 (E.D.N.Y. 2002).

It should be noted that, notwithstanding her attempts to invalidate or circumvent the Agreement, Plaintiff is clearly seeking enforcement of the parties' Agreement (See 3/24/06 Order Pg. 24 Fn. 18). However, Plaintiff's attempt to pick and choose the provisions of the Agreement that she wishes to enforce is specifically disallowed under California Law. In this regard, California law holds that it is impermissible for a party to adopt only that part of an entire transaction which is beneficial to him/her, and then reject the burdensome provisions. (*Peers v. McLaughlin*, (1891) 88 Cal. 294, 299 [26 P. 119]; Cal. Civ. Code, § 3521.)

Plaintiff should not be allowed to circumvent certain portions of the contract if she is seeking to enforce that contract. Plaintiff concedes that she received and willingly signed the Agreement, which expressly describes in detail the prizes to be awarded in the Contest - prizes which did not include "prize money" and/or "other prizes" as incorrectly and repeatedly alleged in the Complaint (*Id.*, paras. 2, 25, 30, 40, 43, 49, 71, 93). She had a week to review the subject contract; then subsequently signed and had her mother sign the contract and the parental consent form. The Court should enforce the entire Agreement, including the limitations on liability provision – particularly given that Plaintiff has provided no legal support for her request that this provision should be disregarded.

Thus, for all of the reasons discussed above, the forum selection clause and limitation of liability clause found in the Agreement should be enforced by the Court.

### 3.    The First Cause of Action Should Be Dismissed.

Plaintiff's Complaint clearly states (and the Opposition does not contradict) that she is pursuing her action not only individually but in a representative capacity based upon a written

- 4 -

agreement as well as purported oral agreements (See Comp. Para 51). The Complaint then
contends that Defendants purportedly breached all of their agreements in their totality (See
Comp. Para 52). However, Plaintiff's Opposition glosses over the fact that, the Court in ruling
that plaintiffs had stated a claim for breach of written agreement, the Court struck the various
assertions and allegations that detracted from the written agreement stating:

> "* * * [c]onsequently, in finding that the Model Plaintiffs have
> stated a claim for breach of contract against the L.A. Models
> Defendants, we are referring only to the actual written contracts,
> **not to any oral agreements. The Complaint fails to adequately
> allege any agreements made outside the scope of the written
> contracts,** * * *" 3/24/06 Order Pg 19 Fn 15. (Emphasis added).

Defendants respectfully request that Plaintiff's claims for breach of an oral agreement or
agreements, unsubstantiated and/or unrelated to the parties written agreement or otherwise made
on a purported representative basis, be dismissed, for the same reasons stated in the 3/24/06
Order (which was directed to the identical contractual provisions in a virtually identical
agreement).

Finally, the Court has previously ruled that punitive damages are unavailable for a breach
of contract claim under both California and New York Law. (3/24/06 Order, Pg. 28 Section G).
Thus, Plaintiff's claim for punitive damages contained in paragraph 62 of the Complaint and
paragraph a of the Prayer should be dismissed.

### 4.    The Second Cause of Action Should Be Dismissed.

Plaintiff's Opposition offers no legal authority to overcome Defendants' argument that
the Complaint simply fails to allege facts to support a claim for Breach of Contract as Mother
Agent.[3]

Plaintiff's allegations in the Second Cause of Action once again arise out of the
Agreement between the parties. Significantly, Plaintiff's Opposition is devoid any law, be it
statutory or case law, to support a claim for breach of contract as mother agent separate and
distinct from a breach of the written agreement between the parties. Additionally, in the face of

---

[3]    The term "mother agent" refers to the model's primary agent, which is empowered to enter into agreements
with other agencies in markets not serviced by the "mother agency." (See 3/24/06 Order Pg 9 Fn 7).

RCI/5079051.2/ KTK

an enforceable limitation of liability provision in the parties' Agreement, Plaintiff cites no authority to justify a damage claim of no less than $500,000 as alleged in the Second Cause of Action. Accordingly, this claim is without any legal foundation and should be dismissed.

### 5. Plaintiff Concedes That The Third Cause of Action Based On Quantum Meruit Should Be Dismissed.

Plaintiff boldly states that the cause of action for quantum meruit "must stand" (Opp. Bottom of Page 8). However, Plaintiff withdraws the claim at the top of Page 9. (Opp Top Page 9). As such, based on the written agreement between the parties, Defendants' Motion, and the Court's 3/24/06 Order ruling dismissing this specific claim (See 3/24/06 Order pgs. 28-29 Sect. H), Plaintiff's claim for quantum meruit must be dismissed.

### 6. Plaintiffs' Fraud Claim Is Legally Deficient and Should Be Dismissed.

#### a. Plaintiff's Breach of Contract Claim Precludes a Fraud Claim

Assuming the statute of limitations has not expired (which Defendants do not concede), Plaintiff's breach of contract claim precludes a fraud claim.

As set forth in detail in Defendants' moving papers, this Court has ruled on identical allegations in the Bezuszka Action. The Court's ruling, which is set forth in Defendant's moving papers, is equally applicable in the instant case and need not be repeated. 3/24/06 Order Pg 32-37. See Defendants Opening Brief Pgs 14-18.

In the instant case Plaintiff has pled similar unsubstantiated and non-specific matters which simply mirror her breach of contract claim and nothing more. Plaintiff has not, and cannot, subject to Rule 11, allege that Plaintiff was required to pay any upfront fee or monthly payment to either defendant L.A. Models, Inc. or defendant NYC Management Group, Inc.[4]

---

[4] Plaintiff's reference to a posting on the New York State Consumer Protection Board website issued 2 years after the contest at issue and referencing a non-defendant in an attempt to include these moving Defendants in such a practice is despicable.

RC1/5079051.2/ KTK

**b.    Plaintiff Has Failed to Plead Fraud With the Requisite Particularity.**

This Court has previously analyzed similar hollow allegations in a case involving the same defendants and plaintiffs identically situated to the Plaintiff in the matter at bar. The Court ruled, in the Bezuszka Action that the Plaintiffs failed to plead their cause of action with particularity as required.[5]

In the instant case, even if the Plaintiff could plead her fraud in the context of her breach of contract claim (which, given the facts in this case, she cannot), Plaintiff has failed to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b) which, as in the Bezuszka Action, provides the Court an independent basis to dismiss this claim.

Rule 9(b) "requires that 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity,' an exception to the generally liberal scope of pleadings allowed by Rule 8, Fed. R. Civ. P."; *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (citing *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 (2d Cir. 1979), cert. denied, 446 U.S. 946, 100 S. Ct. 2175, 64 L. Ed. 2d 802 (1980)). See 3/24/06 Order pgs 35-36.

Under either California or New York Law Plaintiff is obligated to meet the heightened pleading requirements of Rule 9(b). See, e.g., *Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F. Supp. 501, 506-07 (S.D.N.Y. 1992).[6] Plaintiff fails to meet this burden.

In the instant case, Plaintiff cites to numerous "examples" in the Complaint to justify her belief that she has complied with Rule 9(b). Most of the paragraphs cited, however, merely recite the terms of the Agreement signed by the Plaintiff and quote from the Defendants' 2001 press releases. See, e.g., Compl. Paras. 73-75. Plaintiff fails to allege facts to show that how she could have reasonably relied upon materials from the 2001 contest, (which this Court has previously ruled did not state a claim for fraud), in order to state a claim for fraud in a contest held in 2002.

---

[5]    The Court's lengthy analysis, dismissing the fraud claim in the Bezuszka Action is set forth in the 3/24/06 Order pgs 35-37 and in Defendants' moving papers pgs 17-18.

[6]    The Court has previously gone to great lengths to provide an analysis of both California and New York law and the result appears to be the same except that Plaintiff's claim are barred under California law which has a three-year (3) statute of limitations for a fraud claim. Plaintiff's counsel was clearly on notice of this procedural pitfall as he was the same counsel in the Bezuszka Action.

RC1/5079051.2/ KTK

The only specific representation alleged by Plaintiff is, that Erin Lungren, a representative of Defendants, stated to Plaintiff that if she [plaintiff] won the 2002 Contest, she [plaintiff] could win prize money, "guaranteed income" and an exclusive modeling contract" (Complaint para. 25). Clearly, such a representation, if made, would have occurred **prior** to Plaintiff's entry in the 2002 contest. Thus, this communication transpired before Plaintiff ever received, reviewed or executed the Agreement which was also executed by Plaintiff's mother setting forth the terms and conditions of the parties relationship. Regardless, a statement that if she [plaintiff] won she could get money does not rise to a fraud cause of action.

Plaintiff's Opposition simply fails to explain the reason for the inexcusable, and fatal, failure to allege the most basic of facts such as the time, place, speaker and content of any alleged fraudulent misrepresentations. *Browning v. Rosenshein*, 774 F. Supp. 129, 137 (S.D.N.Y. 1991). Nor does Plaintiff allege, <u>as she must</u>, "the manner in which the alleged misrepresentations were fraudulent ... as well as the fraudulent intent" for their fraud claim to survive. Id at 137.

This Court ruled on this issue in the Bezuszka Action stating: "generally alleging that the "defendants" engaged in fraud falls short of the heightened standard of Rule 9(b). See 3/24/06 Order pg. 37; *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993); ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"). "Although the Complaint alleges that Plaintiff turned down "educational opportunities" and other "employment" in reliance on the defendants' representations, (Comp. para. P80), without more specific allegations of why this reliance was reasonable, it is difficult for the Court to conclude that this element of a fraud claim has been adequately pled." 3/24/06 Order Pg 37. Again, in addressing virtually identically situated plaintiffs in the Bezuszka Action this Court observed: "If the Model Plaintiffs had indeed not been paid during the entirety of the two-year contract terms, it strains credulity that they could continue to reasonably rely on the defendants' representations." 3/24/06 Order Pg. 37.

The Opposition boldly asserts that Plaintiff has pled her fraud claim with particularity through reliance on the totality of allegations of the Complaint and the attached exhibits. (Opp. Pg 11). Notwithstanding Plaintiff's meritless contentions, it is undisputable that Plaintiff's unsupported statements do not rise to the level of particularity required to state a claim for fraud.

Plaintiff's voluminous <u>unsubstantiated conclusory allegations</u> are not the same as facts setting forth, with specificity, the who, what and when elements of a fraud claim. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d. Cir. 1993).

Thus, as Plaintiff has failed to plead fraud with particularity as legally required, her fraud claim should be dismissed.

### c.    Plaintiff's Claim for Punitive Damages Must Be Dismissed.

Because the Opposition fails to justify the Complaint's complete disregard of the heightened pleading requirements of FRCP 9(b), as well as the Agreement's choice of law clause and limitation on liability clauses, there is no basis whatsoever to recover punitive damages. Plaintiff's claims for punitive damages must fail as they are specifically precluded under the Agreement as well as California law.

Thus, the allegations in the Complaint and the prayer for punitive damages, contained in paragraphs 62 and 85 and the prayer paragraphs. a and d, should be dismissed.

### 7.    Plaintiff's Claim For A Constructive Trust Should Be Dismissed.

This Court has analyzed an identical claim for Constructive Trust in the Bezuszka Action (again, involving a virtually identical agreement and plaintiffs who were in the identical position and capacity as the instant Plaintiff, as well as the identical defendants) and dismissed this claim. See 3/24/06 Order 48-49 Fn 35. In particular, the Court in the Bezuszka Action stated:

"Thus, under both New York and California law, a Plaintiff seeking a constructive trust must plead a fiduciary duty (or in New York, a "confidential relationship" between plaintiff and defendant. * * * **the Model Plaintiffs fail to make any such allegation, requiring dismissal of the tenth cause of action**. (Emphasis added). (See 3/24/06 Order Pg. 50).

Thus, Plaintiff's claim for the imposition of a constructive trust must be dismissed.

RC1/5079051.2/ KTK

C.    <u>Leave to Amend Should Be Denied.</u>

Plaintiff's request for leave to amend should be denied.  The Court, during a hearing on September 25, 2007, stated on the record *that the Court assumed Plaintiff's Complaint incorporated the Court's prior ruling in the Bezuszka matter*, as the Court did not intend to issue a second 56 page advisory opinion.  Plaintiff's attempt to forum shop to avoid this Court's prior ruling in the related Bezuszka matter is almost a tacit admission of the deficiencies in Plaintiff's case.  Plaintiff's counsel has already had two previous opportunities to amend the Bezuszka complaint, to which Ms. Williams was a party.

Plaintiffs' plea, as in the Bezuszka Action, that this action is in its "nascent stages" is absurd since by definition, a motion to dismiss can only be made at the pleading stage of a lawsuit.  Based on the Opposition and the Court's 3/24/06 Order, further amendment would obviously be fruitless.

## III.    CONCLUSION

Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, without leave to amend.

Dated: March 3, 2008                    ROPERS MAJESKI KOHN & BENTLEY

Los Angeles, CA

                                        By: _____
                                        Howard K, Alperin (HA 2864)
                                        515 S. Flower Street, Suite 1100
                                        Los Angeles, CA 90071
                                        Tel: (213) 312-2000
                                        Fax: (213) 312-2001
                                        Attorneys for Defendants L.A. Models, Inc., and
                                        NYC Management Group, Inc.

RC1/5079051.2/ KTK