UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CAITLIN WILLIAMS; JOHN DOES 1-5 and      :
JANE DOES 105,

                                                 :

             Plaintiffs,                :      Case No. 07 Civ. 6778 (NRB)

    -against-                    :       **VERIFIED ANSWER**

L.A. MODELS, INC. and NYC           :
MANAGEMENT GROUP, INC. d/b/a NEW
YORK MODEL MANAGEMENT,       :

            Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Defendants L.A. Models, Inc. ("L.A. Models") and NYC Management Group Inc., dba

New York Model Management ("NYMM") (collectively "Defendants"), as and for their Verified

Answer to the Verified Complaint, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

       1.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Verified Complaint.

       2.      Defendants admit Caitlin Williams was the first runner-up of the 2002 contest.

Defendants also admit Jessica Stam won first prize in the 2002 contest. Except as specifically

admitted, Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 2 of the Verified Complaint.

       3.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 3 of the Verified Complaint.

## PARTIES

4.      Admit the allegation contained in paragraph 4 of the Verified Complaint.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Verified Complaint.

6.      Pursuant to the Court's order dated August 5, 2008, Defendant have no obligation to respond to paragraph 6 of the Verified Complaint.

## DEFENDANT L.A. MODELS

7.      Admits the allegation contained in paragraph 7 of the Verified Complaint.

8.      Admits only that defendant L.A. Models is a model management company/modeling agency, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 8 of the Verified Complaint.

9.      Defendants admit they acted as Plaintiff's modeling agency although Plaintiff never came to Los Angeles to pursue her modeling career. Except as specifically admitted, Defendants deny each and every allegation contained in paragraph 9 of the Verified Complaint, and leave plaintiff as to her proof.

## DEFENDANT NEW YORK MODELS

10.     Defendant NYMM admits the allegation contained in Paragraph 10 of the verified complaint.

11.     Admits only that defendant NYMM is a model management company/modeling agency, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 11 of the Verified Complaint.

121503

-2-

12.     Defendant NYMM admits the allegation contained in Paragraph 12 of the verified complaint.

## VENUE

13.     Paragraph 13 contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Verified Complaint.

## STATEMENT OF FACTS

14.     Defendants admit that Exhibit A contains a page from the www.LALookModelSearch.com website. Except as specifically admitted, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Verified Complaint.

15.     Admits only that paragraph 15 contains an excerpt from a promotional release for the prior years contest.  Any press from the 2001 contest is immaterial to the 2002 contest.

16.     Admit that the contest participants competed for modeling contracts. Except as specifically admitted, Defendants deny each and every allegation contained in paragraph 16 of the Verified Complaint, and leave plaintiff as to her proof.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 17 of the Verified Complaint, and leave plaintiff as to her proof.

18.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegation contained in paragraph 18 of the Verified Complaint, and leave plaintiff as to her proof.

19.    Defendants admit the allegations contained in paragraph 19 of the Verified Complaint.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Verified Complaint. Plaintiff's allegation that a 2001 press release had an impact on the 2002 contest is devoid of merit.

21.    Defendants deny each and every allegation contained in paragraph 21 of the Verified Complaint, and leave plaintiff as to her proof.

22.    Admit that at the time that Jessica Stam won the 2002 contest she was not a U.S. citizen. Except as specifically admitted, Defendants deny each and every allegation contained in paragraph 22 of the Verified Complaint, and leave plaintiff as to her proof.

23.    Admit the allegation contained in paragraph 23 of the Verified Complaint.

24.    Admit the allegation contained in paragraph 24 of the Verified Complaint.

25.    Admit that Erin Lungren represented to Plaintiff that she could win an exclusive modeling contract valued at $100,000. Except as specifically admitted, Defendants deny each and every allegation contained in paragraph 25 of the Verified Complaint, and leave plaintiff as to her proof.

26.    Admit the allegation contained in paragraph 26 of the Verified Complaint.

27.    Admit that Jessica Stam did not compete in the local competition. Admit that

121503

-4-

Jessica Stam entered the NY Regional competition. Except as specifically admitted, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Verified Complaint.

28.    Admit the allegation contained in paragraph 28 of the Verified Complaint.

29.    Admit the allegation contained in paragraph 29 of the Verified Complaint.

30.    Defendants admit that Plaintiff signed, as well as her mother signed, and forwarded the agreement to Defendants. Except as specifically admitted, Defendants deny knowledge or information sufficient to form a belief as to the trust of the allegations contained in paragraph 30 of the Verified Complaint.

31.    Admit that Jessica Stam won the contest. Admit that Plaintiff was the first runner-up. Except as specifically admitted, Defendants deny each and every allegation contained in Paragraph 31 of the Verified Complaint.

32.     Admit the allegations contained in paragraph 32 of the Verified Complaint.

33.    Defendants deny the allegation contained in paragraph 33 of the Verified Complaint, and leave plaintiff as to her proof.

34.    Defendants deny each and every allegation contained in paragraph 34 of the Verified Complaint, and leave plaintiff as to her proof.

35.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Verified Complaint.

36.    Defendants deny each and every allegation contained in paragraph 36 of the

Verified Complaint, and leave plaintiff as to her proof.

37.    Defendants deny each and every allegation contained in paragraph 37 of the Verified Complaint, and leave plaintiff as to her proof.

38.    Plaintiff was hurt at a model competition in Brazil. Except as specifically admitted, Defendants deny each and every allegation contained in paragraph 38 of the Verified Complaint, and leave plaintiff as to her proof.

39.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Verified Complaint.

40.    Defendants deny each and every allegation contained in paragraph 40 of the Verified Complaint, and leave plaintiff as to her proof.

41.    Admit the allegation contained in paragraph 41 of the Verified Complaint.

42.    Defendants deny each and every allegation contained in paragraph 42 of the Verified Complaint, and leave plaintiff as to her proof.

43.    Defendants deny each and every allegation contained in paragraph 43 of the Verified Complaint, and leave plaintiff as to her proof.

44.    Defendants deny each and every allegation contained in paragraph 44 of the Verified Complaint, and leave plaintiff as to her proof.

45.    Defendants deny each and every allegation contained in paragraph 45 of the Verified Complaint.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Verified Complaint.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Verified Complaint.  Further, the allegation is irrelevant as defendants never charged plaintiff a fee to enter or participate in the 2002 contest.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Verified Complaint.   Further, the allegation is irrelevant to the instant case as defendants never charged plaintiff a fee to enter or participate in the 2002 contest.

49.     Defendants deny each and every allegation contained in paragraph 49 of the Verified Complaint, and leave plaintiff as to her proof.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
### (Breach of Contest Contract)

50.     Defendants repeat and reallege each and every response in paragraphs 1 through 49 of the Verified Complaint, as if fully set forth herein.

51.     Defendants admit they entered into a written contract with Plaintiff. Except as specifically admitted, Defendants allege Paragraph 51 contains legal conclusions to which no response is required.  To the extent a response is deemed required, defendants deny the truth of the allegations of paragraph 51, and leave plaintiff to her proofs.

52.     Defendants deny each and every allegation contained in paragraph 52 of the

Verified Complaint, and leave plaintiff as to her proof.

53.     Defendants deny each and every allegation contained in paragraph 53 of the Verified Complaint, and leave plaintiff as to her proof.

54.     Defendants deny each and every allegation contained in paragraph 54 of the Verified Complaint, and leave plaintiff as to her proof.

55.     Defendants deny each and every allegation contained in paragraph 55 of the Verified Complaint, and leave plaintiff as to her proof.

56.     Defendants deny each and every allegation contained in paragraph 56 of the Verified Complaint, and leave plaintiff as to her proof.

57.     Defendants deny each and every allegation contained in paragraph 57 of the Verified Complaint, and leave plaintiff as to her proof.

58.     Defendants deny each and every allegation contained in paragraph 58 of the Verified Complaint, and leave plaintiff as to her proof.

59.     Defendants deny each and every allegation contained in paragraph 59 of the Verified Complaint, and leave plaintiff as to her proof.

60.     Defendants deny each and every allegation contained in paragraph 60 of the Verified Complaint, and leave plaintiff as to her proof.

61.     Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 61 of the Verified Complaint.

62.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 62 of the Verified Complaint. Defendants deny that plaintiff has been damaged in any amount whatsoever.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### (Breach of Contract as "Mother Agent")

63.    Defendants repeat and reallege each and every response in paragraphs 1 through 62 of the Verified Complaint, as if fully set forth herein.

64.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 64 of the Verified Complaint.

65.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 65 of the Verified Complaint.

66.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 66 of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
### (*Quantum Meruit*)

67.    Defendants repeat and reallege each and every response in paragraphs 1 through 66 of the Verified Complaint, as if fully set forth herein.

68.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 68 of the Verified Complaint.

69.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 69 of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
### (Fraud/Intentional Misrepresentation)

70.    Defendants repeat and reallege each and every response in paragraphs 1 through 69 of the Verified Complaint, as if fully set forth herein.

71.    Defendants deny each and every allegation contained in paragraph 71, of the Verified Complaint, and leave plaintiff as to her proof.

72.    Defendants deny each and every allegation contained in paragraph 72, of the Verified Complaint, and leave plaintiff as to her proof.

73.    Defendants deny each and every allegation contained in paragraph 73, of the Verified Complaint, and leave plaintiff as to her proof.

74.    Defendants deny each and every allegation contained in paragraph 74, of the Verified Complaint, and leave plaintiff as to her proof.

75.    Defendants deny each and every allegation contained in paragraph 75, of the Verified Complaint, and leave plaintiff as to her proof.

76.    Defendants each and every allegation contained in paragraph 76, of the Verified Complaint, and leave plaintiff as to her proof.

77.    Defendants deny each and every allegation contained in paragraph 77, of the Verified Complaint, and leave plaintiff as to her proof.

78.    Defendants deny each and every allegation contained in paragraph 78, of the Verified Complaint, and leave plaintiff as to her proof.

79.    Defendants deny each and every allegation contained in paragraph 79, of the Verified Complaint, and leave plaintiff as to her proof.

80.    Defendants deny each and every allegation contained in paragraph 80, of the Verified Complaint, and leave plaintiff as to her proof.

81.    Defendants deny each and every allegation contained in paragraph 81, of the Verified Complaint, and leave plaintiff as to her proof.

82.    Defendants deny each and every allegation contained in paragraph 82, of the Verified Complaint, and leave plaintiff as to her proof.

83.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 83 of the Verified Complaint.

84.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 84 of the Verified Complaint.

85.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 85 of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
### (Constructive Trust)

86.    Defendants repeat and reallege each and every response in paragraphs 1 through 85 of the Verified Complaint, as if fully set forth herein.

87.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 87 of the Verified Complaint.

88.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 88 of the Verified Complaint.

89.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 89 of the Verified Complaint.

90.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 90 of the Verified Complaint.

91.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 91 of the Verified Complaint.

92.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 92 of the Verified Complaint.

93.    Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Paragraph 93 of the Verified Complaint.

## **PRAYER FOR RELIEF**

Defendants respond to Plaintiff Caitlin Williams' Prayer for Relief paragraph (a) and deny that Plaintiff has been damaged in any sum whatsoever. Further, pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to Plaintiff's punitive damage demand.

Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to paragraph (b) of the Prayer.

Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to paragraph (c) of the Prayer.

Pursuant to the Court's Order dated August 5, 2008, Defendants' maximum liability is $25,000. Defendants respond to paragraph (d) of the Prayer and deny that plaintiff has been damaged in any sum whatsoever.

Pursuant to the Court's Order dated August 5, 2008, Defendants have no obligation to respond to paragraph (e) of the Prayer.

Without admitting, except as otherwise done hereinabove, any of the facts alleged in the Verified Complaint, Defendants L.A. Models and NYMM assert the following affirmative defenses:

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants allege that the Verified Complaint and each of its purported causes of action fail to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted against these defendants.

**AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VEERIFIED VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants allege that at all times they acted in good faith and with good cause. The conduct of these defendants was within the reasonable expectations of the parties and was reasonably related to the defendants' legitimate business interests upon the basis of reasonable factors. Consistent with the foregoing,

defendants did not directly or indirectly perform or fail to perform any acts constituting a violation of any rights, if any, of the plaintiff, or a violation of any duty or obligations, if any, owed to the plaintiff.

**AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants allege that at all times and places mentioned in the Verified Complaint herein, plaintiff failed to mitigate the amount of her alleged damages. The damages claimed by plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. The plaintiff's failure to mitigate is a bar to its recovery under the Verified Complaint.

**AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants allege the Verified Complaint and each of its purported causes of action are barred by the doctrine of estoppel.

**AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants alleges the Verified Complaint and each of its purported causes of action are barred by the doctrine of consent.

**AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants alleges the Verified Complaint and each of its purported causes of action are barred by the doctrine of unclean hands.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
VERFIED VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED
CAUSE OF ACTION CONTAINED THEREIN, these answering defendants allege the
Verified Complaint and each of its purported causes of action are barred by the doctrine of
*laches*.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF
ACTION CONTAINED THEREIN, these answering defendants allege the Verified Complaint
and each of its purported causes of action are barred by the doctrine of waiver.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED
COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
CONTAINED THEREIN, these answering defendants allege the Verified Complaint and its
purported causes of action are barred because the plaintiff willfully breached her duties to the
defendants and habitually failed to use reasonable care or ordinary diligence in the performance
of her duties.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED
COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
CONTAINED THEREIN, these answering defendants allege the plaintiff did not perform the
duties reasonably required of her by L.A. Models and NYMM.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF
ACTION CONTAINED THEREIN, these answering defendants allege the plaintiff breached

the implied-in-law covenant of good faith and fair dealing, if any, which applied to any relationship that existed between the plaintiff and L.A. Models and NYMM.

**AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,** these answering defendants allege the plaintiff has suffered no cognizable damage or injury as a result of the matters alleged in the Verified Complaint.

**AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,** these answering defendants allege that the damages, if any, suffered by the plaintiff are a result of her own acts or omissions.

**AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,** these answering defendants allege that because the plaintiff, by her own acts and conduct, proximately caused or contributed to the damages of which she complains, the defendants' liability, if any, for the plaintiff's purported damages, if any, must be reduced by an amount proportionate to the plaintiff's fault.  Further, these defendants are entitled to a setoff of damages against the plaintiff in any amount by which the plaintiff's own breach, negligence or fraud has damaged these defendants.

**AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,** these answering defendants allege that the plaintiff, by

her own acts and conduct, assumed the risk of the occurrences and damages alleged, and expressly recognized the potential for said damages in undertaking her actions.

**AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants allege that the plaintiff failed to assert any basis for which to seek attorney's fees in this action.

**AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants allege that the accident, injuries and damages alleged in the Verified Complaint were proximately caused by the negligence and/or tortious conduct of some other third party, named or unnamed, other than these answering defendants, which either bars recovery completely or reduces any such recovery in proportion to the negligence and/or tortious conduct of some other third party.

**AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN**, these answering defendants allege that the Verified Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist.  Defendants therefore reserve the right to assert all defenses that may pertain to the Verified Complaint once the precise nature of such actions is determined.

121503

## RESERVED AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it has additional, yet unknown, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE,** defendant L.A. Models prays for judgment as follows:

1.     That the plaintiff take nothing by her Verified Complaint and that the same be dismissed with prejudice;

2.     That defendant L.A. Models have judgment entered in their favor;

3.     That defendant NYMM have judgment entered in their favor;

4.     That defendant L.A. Models be awarded costs of suit, including attorneys' fees;

5.     That defendant NYMM be awarded costs of suit, including attorneys' fees; and

6.     For such other and further relief as this Court deems just and proper.

Dated: August 22, 2008                          Respectfully submitted,

                                                EISNER & FRANK

                                                By: _____
                                                    Howard K. Alperin (TH 2864)
                                                    9601 Wilshire Boulevard, Suite 700
                                                    Beverly Hills, CA 90210
                                                    *Attorneys for Defendants*
                                                    *L.A. MODELS, INC & NYC Model*
                                                    *Management Group, Inc.*

121503

TO:    Anthony A. LoPresti, Esq.
        MELTZER LoPRESTI, LLP
        *Attorneys for Plaintiff*
        30 Broad Street, 37th Floor
        New York, NY 10004
        (212) 425-0551